UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY R. OLSON, Plaintiff, v. HORNBROOK COMMUNITY SERVICES DISTRICT, et al., Defendants. | No. 2:22-cv-2018 KJM DB PS<br><br><u>ORDER</u> |

Plaintiff Kimberly R. Olson is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the Court are plaintiff's complaint and motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 1 & 2.) Therein, plaintiff complains that the defendants engaged in malicious prosecution.

The Court is required to screen complaints brought by parties proceeding in forma pauperis. <u>See</u> 28 U.S.C. § 1915(e)(2); <u>see</u> <u>also</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, plaintiff's complaint is deficient. Accordingly, for the reasons stated below, plaintiff's complaint will be dismissed with leave to amend.

////

////

**I. Plaintiff's Application to Proceed In Forma Pauperis**

Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

(9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

## II. Plaintiff's Complaint

Plaintiff's complaint fails to contain a short and plain statement of a claim showing that plaintiff is entitled to relief. In this regard, the complaint alleges that "[t]his is an action for malicious prosecution and related claims." (Compl. (ECF No. 1) at 1.) According to the complaint, in June of 2014, after plaintiff "filed a 'Brown Act' action" against the defendants, the defendants "initiated a series of punitive actions against plaintiff," which included "maliciously fling a baseless, wrongful, civil action containing knowingly false claims against her without probable cause[.]" (Id. at 1-2.) "Defendants maintained the action against Plaintiff for over six years before voluntarily and unilaterally, dismissing it on November 11, 2020." (Id. at 2.)

"Malicious prosecution consists of initiating or procuring the arrest and prosecution of another under lawful process, but from malicious motives and without probable cause . . . . The test is whether the defendant was actively instrumental in causing the prosecution." Sullivan v. County of Los Angeles, 12 Cal.3d 710, 720 (Cal. 1974). To prevail on a § 1983 claim of malicious prosecution, the plaintiff must show that the defendant prosecuted plaintiff: (1) with malice; (2) without probable cause; and (3) "'[f]or the purpose of denying [plaintiff] equal protection or another specific constitutional right.'" Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004) (quoting Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995)); see also Lassiter v. City of Bremerton, 556 F.3d 1049, 1054-55 (9th Cir. 2009)("[p]robable cause is an absolute defense to malicious prosecution"). "Further, because the state tort common law

has been incorporated into the elements of a § 1983 malicious prosecution claim, a plaintiff must generally show that the prior prosecution terminated in a manner that indicates innocence, i.e. a favorable termination." Mazzetti v. Bellino, 57 F.Supp.3d 1262, 1268 (E.D. Cal. 2014) (citing Awabdy, 368 F. 3d at 1066-68).

Here, the complaint contains no allegations implicating plaintiff's arrest. Instead, it appears that the complaint concerns allegations that the defendants wrongfully initiated a civil action against plaintiff. To state such a claim plaintiff must establish that: (1) the defendants were actively involved in bringing a lawsuit against plaintiff; (2) the lawsuit ended in plaintiff's favor; (3) no reasonable person in defendants' position would have believed there were reasonable grounds to bring the lawsuit; (4) defendants acted primarily for a purpose other than succeeding on the merits; and (5) defendants' conduct was a substantial factor in causing harm to plaintiff. See Acres Bonusing, Inc. v. Ramsey, Case No. 19-cv-5418-WHO, 2022 WL 17170856, at *5 (N.D. Cal. Nov. 22, 2022).

The complaint's allegations, however, are too vague and conclusory to state the elements of a claim. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

Moreover, establishing that the prior lawsuit ended in plaintiff's favor requires a showing that the termination reflects "the merits of the action and the plaintiff's innocence of the misconduct alleged in the lawsuit." Siebel v. Mittlesteadt, 41 Cal.4th 735, 741 (Cal. 2007). A "technical or procedural termination" does not satisfy this requirement. Casa Herrera, Inc. v. Beydoun, 32 Cal.4th 336, 342 (Cal. 2004). Here, the complaint does not establish that the action

terminated on the merits in plaintiff's favor. Instead, the complaint alleges the action was "unilaterally dismissed" by the defendants. (Compl. (ECF No. 1) at 23.)

The complaint also alleges that the defendants violated several of plaintiff's rights protected by the Constitution "[i]n filing the Action against Plaintiff" in 2014. (Id.) 42 § 1983 provides that,

> [e]very person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

§ 1983 does not contain a specific statute of limitations. "Without a federal limitations period, the federal courts 'apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law.'" Butler v. National Community Renaissance of California, 766 F.3d 1191, 1198 (9th Cir. 2014) (quoting Canatella v. Van De Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007)); see also Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). Effective January 1, 2003, in California that limitations period became two years. See Cal. Code Civ. P. § 335.1.

## II. Leave to Amend

For the reasons stated above, plaintiff's complaint must be dismissed. The undersigned has carefully considered whether plaintiff may amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)); see also Weilburg v.

Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, the undersigned cannot yet say that it appears beyond doubt that leave to amend would be futile. Plaintiff's complaint will therefore be dismissed, and plaintiff will be granted leave to file an amended complaint. Plaintiff is cautioned, however, that if plaintiff elects to file an amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The amended complaint will supersede the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Any amended complaint which plaintiff may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. The complaint filed November 8, 2022 (ECF No. 1) is dismissed with leave to amend.

2. Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil

Procedure and the Local Rules of Practice.[1] The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint."

3. Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.[2]

DATED: April 12, 2023

/s/ DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

---

[1] Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

[2] Plaintiff need not file another application to proceed in forma pauperis at this time unless plaintiff's financial condition has improved since the last such application was submitted.