1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KIMBERLY R. OLSON,                      No.  2:22-cv-2018 KJM DB PS

12                  Plaintiff,

13          v.                               ORDER

14   HORNBROOK COMMUNITY
     SERVICES DISTRICT, et al.,
15

16                  Defendants.

17

18          Plaintiff Kimberly R. Olson is proceeding in this action pro se.  This matter was referred

19   to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Pending

20   before the court are plaintiff's amended complaint and motion to proceed in forma pauperis

21   pursuant to 28 U.S.C. § 1915.  (ECF Nos. 2 & 7.)  Therein, plaintiff complains that the defendants

22   retaliated against plaintiff by terminating plaintiff's position with the Hornbrook Community

23   Services District.

24          The court is required to screen complaints brought by parties proceeding in forma

25   pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir.

26   2000) (en banc).  Here, plaintiff's amended complaint is deficient.  Accordingly, for the reasons

27   stated below, plaintiff's amended complaint will be dismissed with leave to amend.

28   ////

                                               1

1    **I.       Plaintiff's Application to Proceed In Forma Pauperis**

2              Plaintiff's in forma pauperis application makes the financial showing required by 28

3    U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma

4    pauperis status does not complete the inquiry required by the statute.  "'A district court may deny

5    leave to proceed in forma pauperis at the outset if it appears from the face of the proposed

6    complaint that the action is frivolous or without merit.'"  <u>Minetti v. Port of Seattle</u>, 152 F.3d

7    1113, 1115 (9th Cir. 1998) (quoting <u>Tripati v. First Nat. Bank & Trust</u>, 821 F.2d 1368, 1370 (9th

8    Cir. 1987)); <u>see also</u> <u>McGee v. Department of Child Support Services</u>, 584 Fed. Appx. 638 (9th

9    Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed

10   IFP because it appears from the face of the amended complaint that McGee's action is frivolous

11   or without merit"); <u>Smart v. Heinze</u>, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the

12   District Court to examine any application for leave to proceed in forma pauperis to determine

13   whether the proposed proceeding has merit and if it appears that the proceeding is without merit,

14   the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

15             Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of

16   poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to

17   state a claim on which relief may be granted, or seeks monetary relief against an immune

18   defendant.  <u>See</u> 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an

19   arguable basis in law or in fact.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v.</u>

20   <u>Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a

21   complaint as frivolous where it is based on an indisputably meritless legal theory or where the

22   factual contentions are clearly baseless.  <u>Neitzke</u>, 490 U.S. at 327; 28 U.S.C. § 1915(e).

23             To state a claim on which relief may be granted, the plaintiff must allege "enough facts to

24   state a claim to relief that is plausible on its face."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544,

25   570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as

26   true the material allegations in the complaint and construes the allegations in the light most

27   favorable to the plaintiff.  <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Hosp. Bldg. Co. v.</u>

28   <u>Trustees of Rex Hosp.</u>, 425 U.S. 738, 740 (1976); <u>Love v. United States</u>, 915 F.2d 1242, 1245

2

1  (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

2  lawyers.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  However, the court need not accept as true

3  conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  <u>Western</u>

4  <u>Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).

5        The minimum requirements for a civil complaint in federal court are as follows:

6          A pleading which sets forth a claim for relief . . . shall contain (1) a
short and plain statement of the grounds upon which the court's

7          jurisdiction depends . . . , (2) a short and plain statement of the claim
showing that the pleader is entitled to relief, and (3) a demand for

8          judgment for the relief the pleader seeks.

9  Fed. R. Civ. P. 8(a).

10  **II.     Plaintiff's Amended Complaint**

11        Plaintiff's amended complaint alleges that plaintiff was "a member of, and the Secretary

12  of, the Board of Directors of" defendant Hornbrook Community Services District ("HCSD").

13  (Am. Compl. (ECF No. 7) at 2.)  "HCSD is a governmental agency lying completely within the

14  County of Siskiyou" and "produces potable water to the public[.]"  (<u>Id.</u>)  Defendants Michele

15  Hanson, Patricia Brown, Sharrel Barnes, and Roger Gifford "were members of the Board of

16  Directors of HCSD."  (<u>Id.</u>)

17        The events at issue in the amended complaint "occurred beginning on or about April 1,

18  2014" and "continued through June 25, 2014 with the unlawful revocation/termination of"

19  plaintiff and "a sham civil action against Plaintiff by the Defendants on June 30, 2014."  (<u>Id.</u> at 3.)

20  In this regard, the amended complaint alleges that during this period plaintiff "made several

21  reports to government agencies about . . . wrongful conduct by the Defendants."  (<u>Id.</u>)  Plaintiff

22  "also provided assistance with others in making complaints against" the defendants.  (<u>Id.</u>)  In

23  response defendants "acted to intimidate and retaliate against plaintiff by . . . stripping her of her

24  office, and her rights to vote . . . and by filing . . . a baseless civil action against her[.]"  (<u>Id.</u>)

25        The amended complaint alleges that the court has federal question jurisdiction over this

26  action and asserts claims pursuant to the First Amendment and Fourteenth Amendment.  (<u>Id.</u> at 1,

27  23-27.)  42 § 1983 provides that,

28  *////*

1

2

3

> [e]very person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

4 § 1983 does not contain a specific statute of limitations. "Without a federal limitations period,

5 the federal courts 'apply the forum state's statute of limitations for personal injury actions, along

6 with the forum state's law regarding tolling, including equitable tolling, except to the extent any

7 of these laws is inconsistent with federal law.'" Butler v. National Community Renaissance of

8 California, 766 F.3d 1191, 1198 (9th Cir. 2014) (quoting Canatella v. Van De Kamp, 486 F.3d

9 1128, 1132 (9th Cir. 2007)); see also Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). In

10 California the limitations period is two years. See Cal. Code Civ. P. § 335.1.

11         Here, the amended complaint alleges that the events at issue occurred "through June 25,

12 2014[.]" (Am. Compl. (ECF No. 7) at 3.)  This action was filed on November 8, 2022, well after

13 the two-year limitations period.  Equitable tolling of a statute of limitations may suspend or

14 extend the limitations period.  McDonald v. Antelope Valley Cmty. Coll. Dist., 45 Cal. 4th 88, 99

15 (Cal. 2008).  "The equitable tolling of statutes of limitations is a judicially created, nonstatutory

16 doctrine.  It is designed to prevent unjust and technical forfeitures of the right to a trial on the

17 merits when the purpose of the statute of limitations – timely notice to the defendant of the

18 plaintiff's claims – has been satisfied." Id. (citations and internal quotation marks omitted). The

19 federal court looks to California law for the statute of limitations in a § 1983 case.  Pouncil v.

20 Tilton, 704 F.3d 568, 573 (9th Cir. 2012).  California law also applies to questions of equitable

21 tolling.  Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Azer v. Connell, 306 F.3d 930, 935-

22 36 (9th Cir. 2002).

23         "Under California law, a plaintiff must meet three conditions to equitably toll a statute of

24 limitations: '(1) defendant must have had timely notice of the claim; (2) defendant must not be

25 prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct

26 must have been reasonable and in good faith.'" Fink v. Shedler, 192 F.3d 911, 916 (9th Cir.

27 1999) (quoting Bacon v. City of Los Angeles, 843 F.2d 372, 374 (9th Cir. 1988)); see also

28 Addison v. State of California, 21 Cal. 3d 313, 319 (1978).  "California courts apply equitable

tolling 'to prevent the unjust technical forfeiture of causes of action, where the defendant would suffer no prejudice.'"  Jones, 393 F.3d at 928 (quoting Lantzy v. Centex Homes, 31 Cal. 4th 363, 370 (2003)).  "Application of California's equitable tolling doctrine 'requires a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the . . . limitations statute.'"  Id. (quoting Lantzy, 31 Cal. 4th at 371).

The amended complaint, however, contains no allegations to support tolling of the statute of limitations.  The amended complaint does also allege that the defendants engaged in a "false prosecution of a civil action" against plaintiff in 2014, which defendants "unconditionally dismissed" on November 11, 2020.  (Id. at 26-27.)  However, "the tort of malicious prosecution, without more, does not constitute a civil rights violation."  Paskaly v. Seale, 506 F.2d 1209, 1212 (9th Cir. 1974); see also McMaster v. Cabinet for Human Resources, 824 F.2d 518, 522 (6th Cir. 1987) ("the courts that have recognized that malicious prosecution may support a section 1983 claim are virtually unanimous in holding that constitutional protection exists only with respect to criminal proceedings and not to civil proceedings"); Hipschman v. Cnty. of San Diego, Case No. 22-cv-0903 AJB BLM, 2023 WL 5734907, at *9 (S.D. Cal. Sept. 5, 2023) ("Plaintiffs acknowledge this is a civil proceeding and that controlling precedent holds that malicious prosecution is a concept applicable only in criminal proceedings.").

**II.    Further Leave to Amend**

For the reasons stated above, plaintiff's amended complaint must be dismissed.  The undersigned has carefully considered whether plaintiff may further amend the complaint to state a claim upon which relief can be granted.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts

1  in support of his claim which would entitle him to relief.'" <u>Franklin v. Murphy</u>, 745 F.2d 1221,

2  1228 (9th Cir. 1984) (quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 521 (1972)); <u>see also</u> <u>Weilburg v.</u>

3  <u>Shapiro</u>, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to

4  amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be

5  cured by amendment.") (quoting <u>Schucker v. Rockwood</u>, 846 F.2d 1202, 1203-04 (9th Cir.

6  1988)).

7         Here, the undersigned cannot yet say that it appears beyond doubt that further leave to

8  amend would be futile.  Plaintiff's amended complaint will therefore be dismissed, and plaintiff

9  will be granted leave to file a second amended complaint.  Plaintiff is cautioned, however, that if

10  plaintiff elects to file a second amended complaint "the tenet that a court must accept as true all of

11  the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals

12  of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

13  <u>Ashcroft</u>, 556 U.S. at 678.  "While legal conclusions can provide the complaint's framework, they

14  must be supported by factual allegations."  <u>Id.</u> at 679.  Those facts must be sufficient to push the

15  claims "across the line from conceivable to plausible[.]"  <u>Id.</u> at 680 (quoting <u>Twombly</u>, 550 U.S.

16  at 557).

17         Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an

18  amended complaint complete.  Local Rule 220 requires that any amended complaint be complete

19  in itself without reference to prior pleadings.  The second amended complaint will supersede the

20  amended complaint just as the amended complaint superseded the original complaint.  <u>See</u> <u>Loux</u>

21  <u>v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in a second amended complaint, just as if it were

22  the initial complaint filed in the case, each defendant must be listed in the caption and identified

23  in the body of the complaint, and each claim and the involvement of each defendant must be

24  sufficiently alleged.  Any amended complaint which plaintiff may elect to file must also include

25  concise but complete factual allegations describing the conduct and events which underlie

26  plaintiff's claims.

27  ////

28  ////

6

1

**CONCLUSION**

2      Accordingly, IT IS HEREBY ORDERED that:

3      1. The amended complaint filed July 14, 2023 (ECF No. 7) is dismissed with leave to

4   amend.

5      2. Within twenty-eight days from the date of this order, an amended complaint shall be

6   filed that cures the defects noted in this order and complies with the Federal Rules of Civil

7   Procedure and the Local Rules of Practice.[1]  The amended complaint must bear the case number

8   assigned to this action and must be titled "Second Amended Complaint."

9      3. Failure to comply with this order in a timely manner may result in a recommendation

10  that this action be dismissed.

11     4. Plaintiff's November 8, 2022 motion to proceed in forma pauperis (ECF No. 2) is

12  granted.

13  Dated:  November 3, 2023

14

15

16  DEBORAH BARNES
    UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25  DLB:6
    DB/orders/orders.pro se/olson2018.dism.lta2.ord
26

27

28

---

[1] Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28