IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY R. OLSON, | No. 2:22-CV-02018-DC-DMC |
| Plaintiff, | |
| v. | ORDER |
| HORNBROOK COMMUNITY SERVICES DISTRICT, et al., | |
| Defendants. | |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court is Plaintiff's second amended complaint, ECF No. 10.

The Court is required to screen complaints brought by litigants who, as here, have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under this screening provision, the Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this Court must dismiss an action if the Court determines that it lacks subject matter jurisdiction. Pursuant to Rule 12(h)(3), the Court will also consider as a threshold matter whether it has subject-matter jurisdiction.

/ / /

## I. BACKGROUND

### A. Procedural History

Plaintiff originally filed this action on November 8, 2022. See ECF No. 1. On April 13, 2023, the Court granted Plaintiff's motion to proceed in forma pauperis and dismissed the complaint, providing Plaintiff leave to amend, finding that Plaintiff's complaint too vague and conclusory to comply with Federal Rule of Civil Procedure 8. See ECF No. 4. On July 14, 2023, Plaintiff filed the first amended complaint. See ECF No. 7. On November 6, 2023, the Court again dismissed the complaint with leave to amend, finding that Plaintiff failed to provide sufficient facts to establish tolling of the statute of limitations and because "'the tort of malicious prosecution, without more, does not constitute a civil rights violation.'" ECF No. 9, pg. 5 (quoting Paskaly v. Seale, 506 F.2d 1209, 1212 (9th Cir. 1974)). Plaintiff filed the second amended complaint on November 29, 2023. See ECF No. 10. The case was then reassigned to Magistrate Judge Riordan, ECF No. 11, and reassigned to Judge Coggins, ECF No. 12. On March 25, 2025, Judge Riordan transferred the case to the undersigned pursuant to Local Rule 120 (f). See ECF No. 13.

### B. Plaintiff's Allegations

Plaintiff brings claims against: (1) Hornbrook Community Services District (HCSD); (2) Michele Hanson; (3) Patricia Brown; (4) Sharrel Barnes; (5) Roger Gifford; and (6) John Does 2-20. See ECF No. 10, pg. 1. Plaintiff asserts that Defendants violated her constitutional rights by filing "a baseless and false civil case initiated and maintained for over six (6) years." Id. at 10. According to Plaintiff, that civil action was in retaliation for various complaints Plaintiff made, and assisted others in making, from April 2014, through July 2014, "to government agencies about unlawful, dangerous, and/or wrongful conduct by the Defendants." Id. at 6-8. Specifically, Plaintiff contends that Defendants filed the state civil action weeks after Plaintiff filed a "'Brown Act' action (in her individual capacity) against Defendants herein on June 2, 2014." Id. at 10.

///

///

2

The complaint contains twelve pages of background, including descriptions of the complaints Plaintiff made, in sections titled "History of Events Giving Rise to this Complaint;" "Case Outline;" "Illegal Meetings of Board Defendants; June 13, 2014 through November 5, 2015;" and "Defamation as Denial of Due Process; Defendants HCSD and Hanson." The background also includes a section, "Sham Civil Action in Siskiyou County Superior Court," in which Plaintiff describes of each of the five causes of action for that Siskiyou County civil action. Id. at 8-20. Plaintiff asserts that the state civil action generally "accuse[d] Plaintiff of destruction, theft [footnote omitted], and/or 'conversion' of District money and property. Id. at 15. Plaintiff contends that the state civil case was filed even though "Plaintiff was never subject to any administrative review, censure, or discipline by the HCSD for any allegation, action, or conduct attributed to her in any capacity." Id. at 11.

Plaintiff's complaint asserts five federal claims, as follows:

| | | |
|---|---|---|
| Count I | Violation of Free Speech and Petition/42 USC §300j, 42 USC 300j-8(e) |
| Count II | Deprivation of Due Process/Equal Protection – Adverse Actions |
| Count III | Deprivation of Due Process of Right to Vote as a Legislator |
| Count IV | Denial of Right to Equal Protection |
| Count V | Violation of Due Process by False Prosecution of Civil Action |

Id. at 20-25.

Plaintiff also asserts state claims as follows:

| | |
|---|---|
| Count I | Violation of HCSD Bylaws |
| Count II | Negligence |
| Count III | Willful Infliction of Emotional Distress |
| Count IV | Violation(s) of the Bane Act |
| Count V | Violation of California FEHA, and Gov. Code §11135 |

See id. at 25-27.

///

///

3

## II.  DISCUSSION

In the second amended complaint, Plaintiff asserts the following cognizable federal claims: Count III due process claim arising from Plaintiff's right to vote as a legislator; Count IV equal protection claim; and Count V, 42 U.S.C. § 1983 claim arising from a due process violation by false prosecution of civil action.[1]  What is described as Count I presents a cognizable First Amendment claim and separate claim arising from 42 USC 300j-8(e). Plaintiff's Count II claim presents a cognizable due process claim arising from Plaintiff's protected right to access HCSD records. However, for the reasons described below, Count II does not present a cognizable due process claim arising from a protected interest in employment and the undersigned will therefore allow Plaintiff the opportunity to amend as to her employment status with HCSD.

With regard to pendant state claims, Plaintiff states a cognizable intentional infliction of emotional distress claim, Count III, and a cognizable Bane Act claim, Count IV. As to Count I, Plaintiff will be provided leave to amend to clarify what section of the bylaws Plaintiff alleges Defendants defied. Plaintiff fails to assert a cognizable negligence claim in Count II, and therefore will be provided the opportunity to amend this claim to assert a particularized allegation as to what duty Plaintiff was owed and how each specific Defendant breached such duty. As to Claim V, Plaintiff seeks protections extended to employees, but the complaint does not establish that Plaintiff is an employee and therefore Plaintiff will be provided leave to amend as to her employment status with HCSD.

/ / /
/ / /
/ / /
/ / /
/ / /

---

[1] While the complaint does not characterize this claim as a § 1983 claim, Count V is listed under Plaintiff's federal claims and alleges a constitutional due process violation. Therefore, it appears Plaintiff is not asserting a state law claim of wrongful use of civil proceedings but rather, a § 1983 claim alleging Defendants initiated a wrongful civil proceeding for the purpose of depriving Plaintiff of her right to due process. To the extent that such a claim is not actionable as a § 1983 claim, such claim may proceed as a state tort claim of wrongful civil proceeding.

**A.      Federal Claims**

      1.      <u>Count I; Violation of Free Speech and Petition/42 USC §300j, 42 USC 300j-8(e)</u>

In Count I, Plaintiff alleges that Defendants HCSD, Hanson, Brown, Gifford, and Barnes took retaliatory action in response to Plaintiff's exercise of free speech in an attempt to chill Plaintiff's protected speech. <u>See</u> ECF No. 10, pg. 22. As such, Count I presents a cognizable First Amendment claim and this First Amendment retaliation claim may proceed as Count I (a).

In addition to the First Amendment claim, Plaintiff asserts under Count I that she is "entitled to the protections of 42 USC §300j, 42 USC 300j-8(e)." <u>See id.</u> The Safe Drinking Water Act (SDWA) provides a private cause of action for citizens under § 300j-8 to bring a suit against alleged violators of the Act after specific notice is given to the alleged violator. <u>See</u> 42 U.S.C. § 300j-8. Plaintiff alleges violation of SDWA and that she reported such violations. <u>See</u> ECF No. 10, pg. 22. At this stage of litigation, Plaintiff provides sufficient facts for a cognizable claim under § 300j-8. Therefore, Plaintiff's claim arising from 42 U.S.C. § 300j-8 may proceed as Count I (b).

      2.      <u>Count II; Deprivation of Due Process/Equal Protection – Adverse Actions</u>

In Count II, Plaintiff asserts violations of her rights to due process and equal protection. <u>See</u> ECF No. 10, pg. 23. Plaintiff characterizes these violations as "adverse actions," in response to Plaintiff's exercise of protected speech, here, filing complaints with government agencies. <u>Id.</u> To the extent Plaintiff is alleging a First Amendment violation in Count II, such claim is subsumed by Plaintiff's Count I (a). As to Plaintiff's due process claim, Plaintiff contends that Defendants "violated her rights to substantial due process associated with her official positions . . . [and granted] under the Bylaws at Section A-4(3)." <u>Id.</u>

A claim for violation of procedural due process requires a showing that the plaintiff was deprived of a protected liberty or property interest. <u>See</u> <u>Knappenberger v. City of Phoenix</u>, 566 F.3d 936, 940 (9th Cir. 2009). In order to state a claim of deprivation of due process, a plaintiff must allege the existence of a liberty interest for which the protection is sought. <u>See</u> <u>Ingraham v. Wright</u>, 430 U.S. 651, 672 (1977); <u>Bd. of Regents v. Roth</u>, 408 U.S. 564,

5

569 (1972). Liberty interests can arise both from the Constitution and from state law. See Hewitt v. Helms, 459 U.S. 460, 466 (1983); Meachum v. Fano, 427 U.S. 215, 224-27 (1976); Smith v. Sumner, 994 F.2d 1401, 1405 (9th Cir. 1993). However, "a benefit is not a protected entitlement if government officials may grant or deny it in their discretion." Town of Castle Rock v. Gonzales, 545 U.S. 748, 756 (2005).

An individual may have a protected interest in their employment. See Bd. of Regents, 408 U.S. A law establishes a property interest in employment if it restricts the grounds on which an employee may be discharged. See Hayward v. Henderson, 623 F.2d 596, 597 (9th Cir. 1980); see also Arnett v. Kennedy, 416 U.S. 134, 151-152 (1974) (finding that if discharge can only be for "just cause," an employee has a right to continued employment until there is just cause to dismiss him).

In Count II, Plaintiff does not specify what protected liberty or property interest she was deprived of.[2] In the proceeding pages, Plaintiff describes several "punitive actions" taken by Defendants HCSD, Hanson, Barnes, and Brown. ECF No. 10, pg. 10. These actions include:

> purportedly stripping her of her Officer position as Secretary (in violation of provisions of HCSD's own Bylaws, and Government Code §61043); removing her as a signer on the HCSD's bank account (while keeping all other Board members as signers); revoking her access to the HCSD Post Office box; individually withholding documents/records [footnote omitted] and refusing to allow her access to the documents and records of the HCSD – but allowing free access thereto by other Board members [footnote omitted]; refusing to give any formal administrative notice of, not any hearings concerning, any allegations or charges against her by the Board . . .

Id.

Thus, it appears Plaintiff is asserting that she had a protected interest in the role of Secretary and these associated responsibilities. As to her position as Secretary, under Count II, Plaintiff cites to the bylaws at Section A-4(3), which describes the process required to terminate an employee. See ECF No. 3, pg. 7. An individual may have a protected interest in their employment. See Bd. of Regents, 408 U.S. 564. However, in this claim, Plaintiff does not assert she was an employee of HCSD but instead a member of the Board, serving in the role as

---

[2] As previously stated, the Court finds the Count III due process claim sufficiently asserts a protected interest in Plaintiff's right to vote as a legislator.

Secretary. See ECF No. 10, pg. 10. As such, the procedure described in Section A-4(3) would not apply to Plaintiff.

Plaintiff asserts that her claim of entitlement to her position as Secretary, Plaintiff arises from California Government Code §61043 – but that code section does not mention the role of Secretary beyond stating that "a board of directors may create additional offices and elect members to those offices." Cal. Gov't Code § 61043. Thus, §61043 provides that a board of directors "may create" the role of Secretary but such power is discretionary and therefore, an interest in such role is not protected by this statute. See Town of Castle Rock, 545 U.S. at 756.

Plaintiff additionally points to Section A-3(1) and A-3(3) of the bylaws, asserting that these sections

> convey [] a reasonable expectation, and a legitimate claim of entitlement, to the Office of Secretary of the HCSD by Plaintiff . . . [and] Plaintiff is therefore entitled to due process concerning any attempt to turn her out of office, or to 'eliminate' it prior to the expiration of the two-year term of State law, or the one-year term in the Bylaws.

Id. at 21 (emphasis in original).

Section A-3(1) sets the Board Officer term to one year. See ECF No. 3, pg. 4. Section A-3(3) states "any or all members of the Board of Directors may be recalled by the voters of the district." Id. Thus, the bylaws confer a one-year term for officer positions such as Secretary. While Section A-3(3) provides a process for the voters to remove an individual from office, it does not state that is the only way for a member of the Board to be removed. Even if Plaintiff establishes that, in the role of Secretary, Plaintiff was employed by HCSD and therefore may have a protected interest in such employment, Plaintiff would need to show that the bylaws restrict the grounds on which the position of Secretary may be discharged, which Section A-3(3) does not do. Without such restriction, Plaintiff cannot assert a property interest in her position at Secretary. See Hayward, 623 F.2d at 597.

In Plaintiff's state law claim for willful infliction of emotional distress, Plaintiff asserts she was an employee of HCSD stating, "she was a member of the Board, and its Secretary, and so an employee of the HCSD." Id. at 25. Plaintiff does not provide the statutory basis for this assertion that as a member of the Board, Plaintiff was also an employee, and therefore entitled to

7

the protections and procedures provided for employees. Nor can the Court find language to support such a conclusion within the bylaws Plaintiff provided. See generally ECF No. 3. However, given this assertion, the Court finds it is appropriate to provide Plaintiff leave to amend as to her due process claim arising from her protected interest as an employee, if the facts support such a claim.

As to the other responsibilities Plaintiff contends were taken without due process, Plaintiff again does not provide the basis for her protected interest in these responsibilities. Indeed, the description of Secretary does not confer the right to be a signer of the HCSD bank account, access to the HCSD Post Office Box, nor the right to receive formal notice of allegations against a Board member. See ECF No. 3, pg. 6. Further, such rights are not conferred in the description of the general duties of Board members. See id. at 4-5.

Plaintiff asserts that §6252.5 of the California Public Records Act confers the right to access HCSD documents and records. See ECF No. 10, pg. 10, n. 26. Though repealed January 1, 2023, when this allegation arose, §6252.5 was in effect and protected the right of "an elected member of officer of any state of local agency" to access public records "on the same basis as any other person." CA Govt Code § 6252.5. Section A-1(4) of the HCSD bylaws provides that HCSD records must be available to the public "upon request." ECF No. 3, pg. 2. Thus, Plaintiff asserts a cognizable due process claim arising from her protected interest in access to HCSD records.

However, Plaintiff fails to assert a protected interest under Count II as to her protected interest in employment. Given Plaintiff's reference to being an employee of HCSD in her state law claim, the undersigned will provide Plaintiff leave to amend as to her due process claim arising from Plaintiff's protected interest as an employee, should the facts support such a claim.

Plaintiff further alleges a violation of her right to equal protection in Count II, stating that Defendants "treated her differently, and more harshly than other Officers – doing so solely on the basis of her having filed complaints . . ." ECF No. 10, pg. 23. However, Plaintiff's allegation of unequal treatment based on her filing of complaints is subsumed by Plaintiff's First Amendment retaliation claim, Count I (a). Id. at 23. Thus, Count II may proceed as a due process

8

claim to the extent that Plaintiff amends such claim according to the above identified deficiencies, and the allegations of retaliation in response to Plaintiff filing complaints will proceed under Count I(a).

**B.     State Claims**

The complaint states a cognizable intentional infliction of emotional distress claim in Count III and a cognizable Bane Act claim in Count IV. Plaintiff fails to assert cognizable state claims in Count I, Count II, and Count V, and will be provided the opportunity to amend as to the deficiencies described below.

1.     Count I; Violation of HCSD Bylaws

Plaintiff contends that Defendants HCSD, Hanson, Brown, Gifford, and Barnes violated section A-9(26) of the HCSD bylaws by "preparing, filing, and maintaining the Action . . . violate the HCSD bylaws concerning notice and hearing of accusations." ECF NO. 10, pg. 25. However, Section A-9(26) of the HCSD bylaws does not address hearing nor notice. See ECF No. 3, pg. 16. Section A-9(26) discusses the connection of District water and the requirements for inspection of water valves. See id. As such, Plaintiff fails to assert a cognizable claim as to violation of the HCSD bylaws. Thus, the undersigned will provide Plaintiff the opportunity to amend to clarify what section of the bylaws specifies the right to a hearing and notice, which Plaintiff alleges Defendants defied.

2.     Count II; Negligence

A negligence action under California law consists of four elements: (1) duty; (2) breach; (3) causation; (4) and damages. See Mayall v. USA Water Polo, Inc., 909 F.3d 1055, 1060 (9th Cir. 2018); A.B. Concrete Coating, Inc. v. Wells Fargo Bank Nat'l Assoc., 491 F. Supp. 3d 727, 738 (E.D. Cal. 2020); Peredia v. HR Mobile Servs., Inc., 25 Cal. App. 5th 680, 687 (Cal. Ct. App. 2018). In other words, plaintiffs in negligence suits must establish a duty to use care, breach of that duty, and the breach's proximate causation of a resulting injury. See Vasilenko v. Grace Family Church, 3 Cal. 5th 1077, 1083 (2017). There is no common law government tort liability and therefore, a statute must establish liability on behalf of a government entity. See Green Valley Landowners Ass'n v. City of Vallejo, 241 Cal. App. 4th 425, 441-42

9

1 (2015).

        The Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.

        Here, Plaintiff alleges Defendants "HCSD, Hanson, Brown, Gifford, and Barnes each had a ministerial duty to obey all state and federal constitutional provisions and statutes, and to obey the HCSD's Bylaws." ECF No. 10, pg. 25. As pleaded, this claim does not rise above the conclusory level and therefore is not cognizable. Plaintiff fails to state the specific law that creates such duty, what that duty was, and how Defendants violated that duty. Thus, Plaintiff will be provided the opportunity to amend this claim to allege what specific duty Defendants owed Plaintiff and the over acts taken by each Defendant in violation of such duty.

        3.      Count V; Violation of California FEHA, and Gov. Code §11135

        The Fair Housing and Employment Act (FEHA) provides protections for employees in California. See Cal. Gov't Code § 12940. California Government Code §11135 prohibits discrimination "on the basis of sex, race, color, religion, ancestry, national origin, ethnic group identification, age, mental disability, physical disability, medical condition, genetic information, marital status, or sexual orientation." Cal. Gov't. Code §11135.

        Plaintiff contends was entitled to protection under FEHA. See ECF No. 10, pg. 26. As previously discussed, Plaintiff does not establish she was an employee of HCSD and therefore the undersigned will provide the opportunity to amend as to her employment status with HCSD.

        Additionally, Plaintiff asserts Defendants HCSD, Hanson, Brown, Gifford and Barnes violated Gov. Code §11135 when filing the false action "in response to . . . Plaintiff's filing of complaints with government enforcement agencies." ECF No. 10, pgs. 9-10.

///

10

1 | ///

2 | Thus, Plaintiff asserts the reason for the false action was Plaintiff's exercise of her
3 | First Amendment rights, not any of the bases protected by Gov. Code §11135. As such, Plaintiff
4 | fails to state a cognizable claim under Gov. Code §11135 and the allegations within state Count V
5 | pertaining to retaliatory action are subsumed by Plaintiff's federal claim Count I (a).

6 |

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

///
///
///
///
///
///
///
///

1       Because the complaint appears to otherwise state cognizable claims, if no amended
2 complaint is filed within the time allowed therefor, the Court will issue findings and
3 recommendations that the claims identified herein as defective be dismissed, as well as such
4 further orders as are necessary for service of process as to the cognizable claims.
5       Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a third amended
6 complaint within 30 days of the date of service of this order.

8 Dated: July 14, 2025

                                             DENNIS M. COTA
                                             UNITED STATES MAGISTRATE JUDGE