1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    KIMBERLY R. OLSON,                              No.  2:22-CV-02018-DC-DMC

12                    Plaintiff,

13            v.                                       <u>FINDINGS AND RECOMMENDATIONS</u>

14    HORNBROOK COMMUNITY
      SERVICES DISTRICT, et al.,
15
                      Defendants.
16

17

18            Plaintiff, who is proceeding pro se, brings this civil action.  Pending before the

19    Court is Plaintiff's second amended complaint, ECF No. 10.

20            The Court is required to screen complaints brought by litigants who, as here, have

21    been granted leave to proceed in forma pauperis.  <u>See</u> 28 U.S.C. § 1915(e)(2).  Under this

22    screening provision, the Court must dismiss a complaint or portion thereof if it: (1) is frivolous or

23    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

24    from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. §§ 1915(e)(2)(A), (B).

25    Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this Court must dismiss an

26    action if the Court determines that it lacks subject matter jurisdiction.  Pursuant to Rule 12(h)(3),

27    the Court will also consider as a threshold matter whether it has subject-matter jurisdiction.

28    / / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# I. BACKGROUND

### A.    <u>Procedural History</u>

Plaintiff originally filed this action on November 8, 2022. <u>See</u> ECF No. 1. On April 13, 2023, the Court granted Plaintiff's motion to proceed in forma pauperis and dismissed the complaint, providing Plaintiff leave to amend, finding that Plaintiff's complaint too vague and conclusory to comply with Federal Rule of Civil Procedure 8. <u>See</u> ECF No. 4. On July 14, 2023, Plaintiff filed the first amended complaint. <u>See</u> ECF No. 7.  On November 6, 2023, the Court again dismissed the complaint with leave to amend, finding that Plaintiff failed to provide sufficient facts to establish tolling of the statute of limitations and because "'the tort of malicious prosecution, without more, does not constitute a civil rights violation.'" ECF No. 9, pg. 5 (quoting <u>Paskaly v. Seale</u>, 506 F.2d 1209, 1212 (9th Cir. 1974)). Plaintiff filed the second amended complaint on November 29, 2023. <u>See</u> ECF No. 10. The case was then reassigned to Magistrate Judge Riordan, ECF No. 11, and reassigned to Judge Coggins, ECF No. 12. On March 25, 2025, Judge Riordan transferred the case to the undersigned pursuant to Local Rule 120 (f). <u>See</u> ECF No. 13.

On July 15, 2025, the undersigned directed Plaintiff to file a third amended complaint within thirty days of the order to address the deficiencies identified herein. <u>See</u> ECF No. 17. Plaintiff was notified that failure to file an amended complaint would result in this Court issuing finding and recommendations that the claims identified herein as defective be dismissed and the matter would proceed on Plaintiff's cognizable claims. <u>See id.</u> Thirty days have passed since that order was filed and Plaintiff has not filed an amended complaint. Therefore, the undersigned will recommend dismissing Plaintiff's defective claims, as follows: Federal Count II (Deprivation of Equal Protection); State Count I (Violation of HCSD Bylaws); State Count II (Negligence); State Count V (Violation of California FEHA and Gov. Code §11135).

The undersigned will recommend that this action proceed on the following cognizable federal claims within Plaintiff's second amended complaint: Count I (a) (First Amendment Retaliation); Count I (b) (42 U.S.C. § 300j-8); Count II (Deprivation of Due Process as to Plaintiff's protected interest in access to HCSD records); Count III (due process claim

2

1   arising from Plaintiff's right to vote as a legislator); Count IV (equal protection claim); and Count

2   V (42 U.S.C. § 1983 claim arising from a due process violation by false prosecution of civil

3   action). Additionally, the undersigned recommends Plaintiff's cognizable state claims proceed:

4   Count III (intentional infliction of emotional distress) and Count IV (BANE Act claim). Once

5   such recommendation is addressed by the District Judge, the undersigned will issue a service

6   order accordingly.

7          **B.    Plaintiff's Allegations**

8          Plaintiff brings claims against: (1) Hornbrook Community Services District

9   (HCSD); (2) Michele Hanson; (3) Patricia Brown; (4) Sharrel Barnes; (5) Roger Gifford; and (6)

10  John Does 2-20. See ECF No. 10, pg. 1. Plaintiff asserts that Defendants violated her

11  constitutional rights by filing "a baseless and false civil case initiated and maintained for over six

12  (6) years." Id. at 10. According to Plaintiff, that civil action was in retaliation for various

13  complaints Plaintiff made, and assisted others in making, from April 2014, through July 2014, "to

14  government agencies about unlawful, dangerous, and/or wrongful conduct by the Defendants." Id.

15  at 6-8. Specifically, Plaintiff contends that Defendants filed the state civil action weeks after

16  Plaintiff filed a "'Brown Act' action (in her individual capacity) against Defendants herein on

17  June 2, 2014." Id. at 10.

18         The complaint contains twelve pages of background, including descriptions of the

19  complaints Plaintiff made, in sections titled "History of Events Giving Rise to this Complaint;"

20  "Case Outline;" "Illegal Meetings of Board Defendants; June 13, 2014 through November 5,

21  2015;" and "Defamation as Denial of Due Process; Defendants HCSD and Hanson." The

22  background also includes a section, "Sham Civil Action in Siskiyou County Superior Court," in

23  which Plaintiff describes of each of the five causes of action for that Siskiyou County civil action.

24  Id. at 8-20. Plaintiff asserts that the state civil action generally "accuse[d] Plaintiff of destruction,

25  theft [footnote omitted], and/or 'conversion' of District money and property. Id. at 15. Plaintiff

26  contends that the state civil case was filed even though "Plaintiff was never subject to any

27  administrative review, censure, or discipline by the HCSD for any allegation, action, or conduct

28  attributed to her in any capacity." Id. at 11.

Plaintiff's complaint asserts five federal claims, as follows:

| | |
|---|---|
| Count I | Violation of Free Speech and Petition/42 USC §300j, 42 USC 300j-8(e) |
| Count II | Deprivation of Due Process/Equal Protection – Adverse Actions |
| Count III | Deprivation of Due Process of Right to Vote as a Legislator |
| Count IV | Denial of Right to Equal Protection |
| Count V | Violation of Due Process by False Prosecution of Civil Action |

Id. at 20-25.

Plaintiff also asserts state claims as follows:

| | |
|---|---|
| Count I | Violation of HCSD Bylaws |
| Count II | Negligence |
| Count III | Willful Infliction of Emotional Distress |
| Count IV | Violation(s) of the Bane Act |
| Count V | Violation of California FEHA, and Gov. Code §11135 |

See id. at 25-27.

## II. DISCUSSION

In the second amended complaint, Plaintiff asserts the following cognizable federal claims: Count III due process claim arising from Plaintiff's right to vote as a legislator; Count IV equal protection claim; and Count V, 42 U.S.C. § 1983 claim arising from a due process violation by false prosecution of civil action.[1]  What is described as Count I presents a cognizable First Amendment claim and separate claim arising from 42 USC 300j-8(e). Plaintiff's Count II claim presents a cognizable due process claim arising from Plaintiff's protected right to access HCSD records. However, for the reasons described below, Count II does not present a cognizable due process claim arising from a protected interest in employment and the undersigned will

---

[1]     While the complaint does not characterize this claim as a § 1983 claim, Count V is listed under Plaintiff's federal claims and alleges a constitutional due process violation. Therefore, it appears Plaintiff is not asserting a state law claim of wrongful use of civil proceedings but rather, a § 1983 claim alleging Defendants initiated a wrongful civil proceeding for the purpose of depriving Plaintiff of her right to due process. To the extent that such a claim is not actionable as a § 1983 claim, such claim may proceed as a state tort claim of wrongful civil proceeding.

1    therefore allow Plaintiff the opportunity to amend as to her employment status with HCSD.

2          With regard to pendant state claims, Plaintiff states a cognizable intentional

3    infliction of emotional distress claim, Count III, and a cognizable Bane Act claim, Count IV. As

4    to Count I, Plaintiff will be provided leave to amend to clarify what section of the bylaws Plaintiff

5    alleges Defendants defied. Plaintiff fails to assert a cognizable negligence claim, Count II, and

6    therefore will be provided the opportunity to amend this claim to assert a particularized allegation

7    as to what duty Plaintiff was owed and how each specific Defendant breached such duty. As to

8    Claim V, Plaintiff seeks protections extended to employees, but the complaint does not establish

9    that Plaintiff is an employee and therefore Plaintiff will be provided leave to amend as to her

10   employment status with HCSD.

11          **A.    Federal Claims**

12                1.    Count I; Violation of Free Speech and Petition/42 USC §300j, 42 USC

13                      300j-8(e)

14          In Count I, Plaintiff alleges that Defendants HCSD, Hanson, Brown, Gifford, and

15   Barnes took retaliatory action in response to Plaintiff's exercise of free speech in an attempt to

16   chill Plaintiff's protected speech. See ECF No. 10, pg. 22. As such, Count I presents a cognizable

17   First Amendment claim and this First Amendment retaliation claim may proceed as Count I (a).

18          In addition to the First Amendment claim, Plaintiff asserts under Count I that she

19   is "entitled to the protections of 42 USC §300j, 42 USC 300j-8(e)." See id. The Safe Drinking

20   Water Act (SDWA) provides a private cause of action for citizens under § 300j-8 to bring a suit

21   against alleged violators of the Act after specific notice is given to the alleged violator. See 42

22   U.S.C. § 300j-8. Plaintiff alleges violation of SDWA and that she reported such violations. See

23   ECF No. 10, pg. 22. At this stage of litigation, Plaintiff provides sufficient facts for a cognizable

24   claim under § 300j-8. Therefore, Plaintiff's claim arising from 42 U.S.C. § 300j-8 may proceed as

25   Count I (b).

26   / / /

27   / / /

28   / / /

1          2.      Count II; Deprivation of Due Process/Equal Protection – Adverse Actions

2          In Count II, Plaintiff asserts violations of her rights to due process and equal

3  protection. See ECF No. 10, pg. 23. Plaintiff characterizes these violations as "adverse actions,"

4  in response to Plaintiff's exercise of protected speech, here, filing complaints with government

5  agencies. Id. To the extent Plaintiff is alleging a First Amendment violation in Count II, such

6  claim is subsumed by Plaintiff's Count I (a). As to Plaintiff's due process claim, Plaintiff

7  contends that Defendants "violated her rights to substantial due process associated with her

8  official positions . . . [and granted] under the Bylaws at Section A-4(3)." Id.

9          A claim for violation of procedural due process requires a showing that the

10  plaintiff was deprived of a protected liberty or property interest. See Knappenberger v. City of

11  Phoenix, 566 F.3d 936, 940 (9th Cir. 2009). In order to state a claim of deprivation of due

12  process, a plaintiff must allege the existence of a liberty interest for which the protection is

13  sought. See Ingraham v. Wright, 430 U.S. 651, 672 (1977); Bd. of Regents v. Roth, 408 U.S. 564,

14  569 (1972). Liberty interests can arise both from the Constitution and from state law. See Hewitt

15  v. Helms, 459 U.S. 460, 466 (1983); Meachum v. Fano, 427 U.S. 215, 224-27 (1976); Smith v.

16  Sumner, 994 F.2d 1401, 1405 (9th Cir. 1993). However, "a benefit is not a protected entitlement

17  if government officials may grant or deny it in their discretion." Town of Castle Rock v.

18  Gonzales, 545 U.S. 748, 756 (2005).

19          An individual may have a protected interest in their employment. See Bd. of

20  Regents, 408 U.S.  A law establishes a property interest in employment if it restricts the grounds

21  on which an employee may be discharged. See Hayward v. Henderson, 623 F.2d 596, 597 (9th

22  Cir. 1980); see also Arnett v. Kennedy, 416 U.S. 134, 151-152 (1974) (finding that if discharge

23  can only be for "just cause," an employee has a right to continued employment until there is just

24  cause to dismiss him).

25  / / /

26  / / /

27  / / /

28  / / /

6

In Count II, Plaintiff does not specify what protected liberty or property interest she was deprived of.[2] In the proceeding pages, Plaintiff describes several "punitive actions" taken by Defendants HCSD, Hanson, Barnes, and Brown. ECF No. 10, pg. 10. These actions include:

> purportedly stripping her of her Officer position as Secretary (in violation of provisions of HCSD's own Bylaws, and Government Code §61043); removing her as a signer on the HCSD's bank account (while keeping all other Board members as signers); revoking her access to the HCSD Post Office box; individually withholding documents/records [footnote omitted] and refusing to allow her access to the documents and records of the HCSD – but allowing free access thereto by other Board members [footnote omitted]; refusing to give any formal administrative notice of, not any hearings concerning, any allegations or charges against her by the Board . . .

> Id.

Thus, it appears Plaintiff is asserting that she had a protected interest in the role of Secretary and these associated responsibilities. As to her position as Secretary, under Count II, Plaintiff cites to the bylaws at Section A-4(3), which describes the process required to terminate an employee. See ECF No. 3, pg. 7. An individual may have a protected interest in their employment. See Bd. of Regents, 408 U.S. 564.  However, in this claim, Plaintiff does not assert she was an employee of HCSD but instead a member of the Board, serving in the role as Secretary. See ECF No. 10, pg. 10. As such, the procedure described in Section A-4(3) would not apply to Plaintiff.

Plaintiff asserts that her claim of entitlement to her position as Secretary, Plaintiff arises from California Government Code §61043 – but that code section does not mention the role of Secretary beyond stating that "a board of directors may create additional offices and elect members to those offices." Cal. Gov't Code § 61043. Thus, §61043 provides that a board of directors "may create" the role of Secretary but such power is discretionary and therefore, an interest in such role is not protected by this statute. See Town of Castle Rock, 545 U.S. at 756.

///

///

///

---

[2]    As previously stated, the Court finds the Count III due process claim sufficiently asserts a protected interest in Plaintiff's right to vote as a legislator.

1    Plaintiff additionally points to Section A-3(1) and A-3(3) of the bylaws, asserting

2    that these sections

3    convey a reasonable expectation, and a legitimate claim of entitlement, to the
      Office of Secretary of the HCSD by Plaintiff . . . [and] Plaintiff is therefore
4    entitled to due process concerning any attempt to turn her out of office, or to
      'eliminate' it prior to the expiration of the two-year term of State law, or the one-
5    year term in the Bylaws.

6    Id. at 21 (emphasis in original).

7    Section A-3(1) sets the Board Officer term to one year. See ECF No. 3, pg. 4.

8    Section A-3(3) states "any or all members of the Board of Directors may be recalled by the voters

9    of the district." Id. Thus, the bylaws confer a one-year term for officer positions such as

10   Secretary. While Section A-3(3) provides a process for the voters to remove an individual from

11   office, it does not state that is the only way for a member of the Board to be removed. Even if

12   Plaintiff establishes that, in the role of Secretary, Plaintiff was employed by HCSD and therefore

13   may have a protected interest in such employment, Plaintiff would need to show that the bylaws

14   restrict the grounds on which the position of Secretary may be discharged, which Section A-3(3)

15   does not do. Without such restriction, Plaintiff cannot assert a property interest in her position at

16   Secretary. See Hayward, 623 F.2d at 597.

17   In Plaintiff's state law claim for willful infliction of emotional distress, Plaintiff

18   asserts she was an employee of HCSD stating, "she was a member of the Board, and its Secretary,

19   and so an employee of the HCSD." Id. at 25. Plaintiff does not provide the statutory basis for this

20   assertion that as a member of the Board, Plaintiff was also an employee, and therefore entitled to

21   the protections and procedures provided for employees. Nor can the Court find language to

22   support such a conclusion within the bylaws Plaintiff provided. See generally ECF No. 3.

23   However, given this assertion, the Court finds it is appropriate to provide Plaintiff leave to amend

24   as to her due process claim arising from her protected interest as an employee, if the facts support

25   such a claim.

26   As to the other responsibilities Plaintiff contends were taken without due process,

27   Plaintiff again does not provide the basis for her protected interest in these responsibilities.

28   Indeed, the description of Secretary does not confer the right to be a signer of the HCSD bank

8

1    account, access to the HCSD Post Office Box, nor receive formal notice of allegations against a

2    Board member. See ECF No. 3, pg. 6. Further, such rights are not conferred in the description of

3    the general duties of Board members. See id. at 4-5.

4              Plaintiff asserts that §6252.5 of the California Public Records Act confers the right

5    to access HCSD documents and records. See ECF No. 10, pg. 10, n. 26. Though repealed January

6    1, 2023, when this allegation arose, §6252.5 was in effect and protected the right of "an elected

7    member of officer of any state of local agency" to access public records "on the same basis as any

8    other person." CA Govt Code § 6252.5. Section A-1(4) of the HCSD bylaws provides that HCSD

9    records must be available to the public "upon request." ECF No. 3, pg. 2.  Thus, Plaintiff asserts a

10   cognizable due process claim arising from her protected interest in access to HCSD records.

11             However, Plaintiff fails to assert a protected interest under Count II as to her

12   protected interest in employment. Given Plaintiff's reference to being an employee of HCSD in

13   her state law claim, the undersigned will provide Plaintiff leave to amend as to her due process

14   claim arising from Plaintiff's protected interest as an employee, should the facts support such a

15   claim.

16             Plaintiff further alleges a violation of her right to equal protection in Count II,

17   stating that Defendants "treated her differently, and more harshly than other Officers – doing so

18   solely on the basis of her having filed complaints . . ." ECF No. 10, pg. 23. However, Plaintiff's

19   allegation of unequal treatment based on her filing of complaints is subsumed by Plaintiff's First

20   Amendment retaliation claim, Count I (a). Id. at 23. Thus, Count II may proceed as a due process

21   claim to the extent that Plaintiff amends such claim according to the above identified deficiencies,

22   and the allegations of retaliation in response to Plaintiff filing complaints will proceed under

23   Count I(a).

24        **B.    State Claims**

25             The complaint states a cognizable intentional infliction of emotional distress claim

26   in Count III and a cognizable Bane Act claim in Count IV. Plaintiff fails to assert cognizable state

27   claims in Count I, Count II, and Count V, and will be provided the opportunity to amend as to the

28   deficiencies described below.

1          1.          Count I; Violation of HCSD Bylaws

2                  Plaintiff contends that Defendants HCSD, Hanson, Brown, Gifford, and Barnes

3    violated section A-9(26) of the HCSD bylaws by "preparing, filing, and maintaining the Action . .

4    . violate the HCSD bylaws concerning notice and hearing of accusations." ECF NO. 10, pg. 25.

5    However, Section A-9(26) of the HCSD bylaws does not address hearing nor notice. See ECF

6    No. 3, pg. 16. Section A-9(26) discusses the connection of District water and the requirements for

7    inspection of water valves. See id. As such, Plaintiff fails to assert a cognizable claim as to

8    violation of the HCSD bylaws. Thus, the undersigned will provide Plaintiff the opportunity to

9    amend to clarify what section of the bylaws specifies the right to a hearing and notice, which

10   Plaintiff alleges Defendants defied.

11         2.          Count II; Negligence

12                 A negligence action under California law consists of four elements: (1) duty; (2)

13   breach; (3) causation; (4) and damages. See Mayall v. USA Water Polo, Inc., 909 F.3d 1055,

14   1060 (9th Cir. 2018); A.B. Concrete Coating, Inc. v. Wells Fargo Bank Nat'l Assoc., 491 F.

15   Supp. 3d 727, 738 (E.D. Cal. 2020); Peredia v. HR Mobile Servs., Inc., 25 Cal. App. 5th 680, 687

16   (Cal. Ct. App. 2018). In other words, plaintiffs in negligence suits must establish a duty to use

17   care, breach of that duty, and the breach's proximate causation of a resulting injury. See

18   Vasilenko v. Grace Family Church, 3 Cal. 5th 1077, 1083 (2017). There is no common law

19   government tort liability and therefore, a statute must establish liability on behalf of a government

20   entity. See Green Valley Landowners Ass'n v. City of Vallejo, 241 Cal. App. 4th 425, 441-42

21   (2015).

22                 The Federal Rules of Civil Procedure require that complaints contain a ". . . short

23   and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

24   8(a)(2). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's

25   claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir.

26   1996). Because Plaintiff must allege with at least some degree of particularity overt acts by

27   specific defendants which support the claims, vague and conclusory allegations fail to satisfy this

28   standard.

1    Here, Plaintiff alleges Defendants "HCSD, Hanson, Brown, Gifford, and Barnes

2    each had a ministerial duty to obey all state and federal constitutional provisions and statutes, and

3    to obey the HCSD's Bylaws." ECF No. 10, pg. 25. As pleaded, this claim does not rise above the

4    conclusory level and therefore is not cognizable. Plaintiff fails to state the specific law that

5    creates such duty, what that duty was, and how Defendants violated that duty. Thus, Plaintiff will

6    be provided the opportunity to amend this claim to allege what specific duty Defendants owed

7    Plaintiff and the over acts taken by each Defendant in violation of such duty.

8            3.    Count V; Violation of California FEHA, and Gov. Code §11135

9    The Fair Housing and Employment Act (FEHA) provides protections for

10   employees in California. See Cal. Gov't Code § 12940. California Government Code §11135

11   prohibits discrimination "on the basis of sex, race, color, religion, ancestry, national origin, ethnic

12   group identification, age, mental disability, physical disability, medical condition, genetic

13   information, marital status, or sexual orientation." Cal. Gov't. Code §11135.

14   Plaintiff contends was entitled to protection under FEHA. See ECF No. 10, pg. 26.

15   As previously discussed, Plaintiff does not establish she was an employee of HCSD and therefore

16   the undersigned will provide the opportunity to amend as to her employment status with HCSD.

17   Additionally, Plaintiff asserts Defendants HCSD, Hanson, Brown, Gifford and

18   Barnes violated Gov. Code §11135 when filing the false action "in response to . . . Plaintiff's

19   filing of complaints with government enforcement agencies." ECF No. 10, pgs. 9-10.

20   Thus, Plaintiff asserts the reason for the false action was Plaintiff's exercise of her

21   First Amendment rights, not any of the bases protected by Gov. Code §11135. As such, Plaintiff

22   fails to state a cognizable claim under Gov. Code §11135 and the allegations within state Count V

23   pertaining to retaliatory action are subsumed by Plaintiff's federal claim Count I (a).

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1.      Plaintiff's following claims be DISMISSED WITHOUT LEAVE TO AMEND: Federal Count II (Deprivation of Equal Protection); State Count I (Violation of HCSD Bylaws); State Count II (Negligence); State Count V (Violation of California FEHA and Gov. Code §11135).

2.      This action SHALL PROCEED on claims: Federal Count I (a) (First Amendment Retaliation); Federal Count I (b) (42 U.S.C. § 300j-8); Federal Count II (Deprivation of Due Process as to Plaintiff's protected interest in access to HCSD records); Federal Count III (due process claim arising from Plaintiff's right to vote as a legislator); Federal Count IV (equal protection claim); Federal Count V (42 U.S.C. § 1983 claim arising from a due process violation by false prosecution of civil action); State Count III (intentional infliction of emotional distress); and State Count IV (BANE Act claim).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 16, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE