IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KIMBERLY R. OLSON,

      Plaintiff,

    v.

HORNBROOK COMMUNITY
SERVICES DISTRICT, et al.,

      Defendants.

No.  2:22-CV-02018-DC-DMC

ORDER

Plaintiff, who is proceeding pro se, brings this civil action.  Pending before the Court is Plaintiff's second amended complaint, ECF No. 10.

The Court is required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis.  See 28 U.S.C. § 1915(e)(2).  Under this screening provision, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(A), (B).  Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this court must dismiss an action if the court determines that it lacks subject matter jurisdiction.  Because plaintiff has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2).  Pursuant to Rule 12(h)(3), the court will also consider as a threshold matter whether it has subject-matter

1

jurisdiction.

The Court provided a thorough analysis of Plaintiff's claims in ECF No. 18. The Court provides a summary of those findings herein. In Count I(a), Plaintiff alleges that Defendants HCSD, Hanson, Brown, Gifford, and Barnes took retaliatory action in response to Plaintiff's exercise of free speech in an attempt to chill Plaintiff's protected speech. See ECF No. 10, pg. 22.

Plaintiff asserts under Count I(b) that she is "entitled to the protections of 42 USC §300j, 42 USC 300j-8(e)." See id. The Safe Drinking Water Act (SDWA) provides a private cause of action for citizens under § 300j-8 to bring a suit against alleged violators of the Act after specific notice is given to the alleged violator. See 42 U.S.C. § 300j-8. Plaintiff alleges violation of SDWA and that she reported such violations. See ECF No. 10, pg. 22.

Plaintiff asserts Count II (Deprivation of Due Process as to Plaintiff's protected interest in access to HCSD records) alleging that §6252.5 of the California Public Records Act confers the right to access HCSD documents and records. See ECF No. 10, pg. 10, n. 26. Though repealed January 1, 2023, when this allegation arose, §6252.5 was in effect and protected the right of "an elected member of officer of any state of local agency" to access public records "on the same basis as any other person." CA Govt Code § 6252.5. Section A-1(4) of the HCSD bylaws provides that HCSD records must be available to the public "upon request." ECF No. 3, pg. 2. Thus, Plaintiff asserts a cognizable due process claim arising from her protected interest in access to HCSD records.  In Count III, Plaintiff asserts a due process claim arising from Plaintiff's right to vote as a legislator. In Count IV, Plaintiff asserts an equal protection claim.

Plaintiff asserts Count V, a 42 U.S.C. § 1983 claim arising from a due process violation by false prosecution of civil action. While the complaint does not characterize this claim as a § 1983 claim, Count V is listed under Plaintiff's federal claims and alleges a constitutional due process violation. Therefore, it appears Plaintiff is not asserting a state law claim of wrongful use of civil proceedings but rather, a § 1983 claim alleging Defendants initiated a wrongful civil proceeding for the purpose of depriving Plaintiff of her right to due process.

/ / /

With regard to pendant state claims, Plaintiff states a cognizable intentional infliction of emotional distress claim, Count III, and a cognizable Bane Act claim, Count IV.

The Court concludes that it has subject matter jurisdiction and that the complaint is appropriate for service by the United States Marshal without pre-payment of costs.  If Plaintiff desires service of process by the United States Marshal without pre-payment of costs, Plaintiff must comply with the requirements outlined below.  Plaintiff is warned that failure to comply with this order, or otherwise effect service pursuant to Federal Rule of Civil Procedure 4, may result in dismissal of the action for lack of prosecution and failure to comply with court rules and orders.  See Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1.      The Clerk of the Court shall issue a summons in a civil case, the undersigned's new case documents, and an order setting this matter for an initial scheduling conference;

2.      The Clerk of the Court shall send Plaintiff the summons, [# of Δs] USM-285 forms, and a copy of the complaint;

3.      Within 15 days from the date of this order, Plaintiff shall complete the summons by indicating the addresses of the named Defendants and shall submit to the United States Marshal at the address indicated below the following documents:

        a.      The completed summons;

        b.      One completed USM-285 form for each named Defendant;

        c.      5 copies of the complaint; and

        d.      4 copies of the court's initial scheduling conference order issued herewith;

4.      Within 20 days of the date of this order, Plaintiff shall file a notice indicating that the documents described above have been submitted to the United States Marshal, or a notice that Plaintiff intends to serve the summons and complaint without assistance from the United States Marshal;

/ / /

3

5.      If Plaintiff seeks the assistance of the United States Marshal, the United States Marshal is directed to serve all process without pre-payment of costs not later than 60 days from the date of this order, such service of process to be completed by serving a copy of the summons, complaint, and initial scheduling conference order on the Defendants at the addresses provided by Plaintiff; and

6.      The Clerk of the Court is directed to serve a copy of this order on the United States Marshal at 501 "I" Street, Sacramento, CA, 95814.

Dated:  April 8, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE